UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.   CRIMINAL NO. 23-CR-00060(SRU)

JASON FARINEAU   May 15, 2024

### REPLY IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

This reply will not repeat the points raised in Mr. Farineau's opening brief. Several issues, however, are worth highlighting.

First and most importantly, the government cannot identify anything in Mr. Farineau's *post-release* conduct that would warrant continued supervision. The government concedes that Mr. Farineau has completed sex offender treatment, engaged in individual therapy, remained continuously employed, and maintained a strong support network. The government does not dispute that Mr. Farineau has not had any law enforcement contact,[1] has never tested positive for illicit substances, and has never been found with any inappropriate materials on his devices.[2] Thus, there is nothing in Mr. Farineau's conduct that in any way suggests that further supervision is necessary to rehabilitate Mr. Farineau, protect the public, or deter similar conduct.

Second, the government misstates the law governing early termination of supervised release. Contrary to Second Circuit precedent, the government suggests that Mr. Farineau must show "new or unforeseen circumstances" for the motion to be granted. Gov. Br. at 4. But the Second Circuit has

---

[1] Other than a speeding ticket.
[2] Mr. Farineau's conditions of release prevent him from possessing not just child pornography (which is, of course, illegal), but any material that is "sexually stimulating [or] sexually oriented."

made clear that changed circumstances are *not* a prerequisite to termination of supervised release. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). The legal standard for early termination is explicit in the statute itself: termination is appropriate when it is "warranted by the conduct of the defendant" and "the interest of justice," 18 U.S.C. § 3583(e)(1), after consideration of specified § 3553(a) factors.

But even if the government is correct in suggesting that Mr. Farineau must show more than mere "compliance" with his conditions of supervised release, that standard has been met here. Individual counseling was *not* a condition of supervised release and was not ordered by Probation. Instead, it was something Mr. Farineau voluntarily chose to do in order to further his own rehabilitation and growth. The government apparently faults Mr. Farineau for failing to continue with his voluntary therapy. Gov. Br. at 5. But therapy was effective—he has maintained a stable, law-abiding life and has not engaged in *any* kind of misconduct or noncompliance since he stopped going to therapy, despite facing significant life stressors, including the end of a serious relationship and the loss of his mother.

Third, the government suggests that Mr. Farineau may still pose a risk to society because he exercised his right to a jury trial, maintained his innocence at a sentencing proceeding immediately following trial,[3] and filed a habeas motion. What the government notably neglects to mention is that Mr. Farineau was questioned extensively, under polygraph, about his sexual history and underlying

---

[3] The purpose of this motion is not to rehash the underlying conviction. However, the context of the comments cited by the government is relevant. Mr. Farineau made those comments following a jury trial in which he was convicted of attempted distribution of child pornography and possession of child pornography. Following Mr. Farineau's appeal, the government agreed to vacate his conviction for attempted distribution of child pornography—a strong indication that there was some issue with the underlying trial. Notably, despite testifying at trial, neither Probation nor the sentencing court applied the obstruction of justice enhancement.

2

conviction through his treatment at the Connection. *The Connection*—having worked extensively with Mr. Farineau over nearly two years—determined that he "takes full responsibility for the offense behavior." This strongly undermines the government's suggestion that Mr. Farineau should remain on supervised release for the rest of his life because he exercised his Constitutional right to a jury trial.[4]

Finally, the government also submits victim letters apparently prepared in connection with another proceeding. These letters certainly underscore the gravity of Mr. Farineau's underlying conduct. And, on the weight of similar statements, Mr. Farineau was given a 108-month sentence for his crime. *That* sentence serves the sentencing goals highlighted by the government: deterrence, just punishment, and the need to protect the public. But the purpose of supervised release is not punitive. It is rehabilitative. And everything Mr. Farineau has done since his release from prison demonstrates that he has accepted responsibility for his actions and has been fully rehabilitated.

---

[4] The severity of Mr. Farineau's underlying conviction should not be minimized. It should be noted, however, that Mr. Farineau's conviction is for possession of eight videos containing child pornography. There has never been any suggestion that Mr. Farineau has ever had any inappropriate contact with a minor.

Respectfully Submitted,

THE DEFENDANT,
Jason Farineau

FEDERAL DEFENDER OFFICE

Date: May 15, 2024

*/s/ Anne E. Silver*
Anne E. Silver
Assistant Federal Defender
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106-1976
Phone: (860) 256-0310
Bar no.: phv207294
Email: anne_silver@fd.org

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2024, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anne E. Silver*
Anne E. Silver