UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JASON FARINEAU | No. 3:23-cr-60 (SRU) |

### ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Jason Farineau ("Farineau") was sentenced to a lifetime of supervised release after being convicted of a sex offense. After six years of supervision, Farineau seeks early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Doc. No. 4. The government filed an objection to Farineau's motion. Doc. No. 7. For the reasons set forth below, Farineau's motion is **granted**.

### I.      Procedural History

On May 6, 2009, while living in Arizona, a two-count indictment charged Farineau with: 1) distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); and 2) possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Doc. No. 1 at 18-19; Doc. No. 4 at 1. On November 9, 2010, a jury convicted Farineau on both counts.[1] *See United States v. Jason Farineau*, Dkt. No. 4:09-cr-00794-CKJ-HCE-1 ("Criminal Case"), Doc. No. 91; Criminal Case, Doc. No. 92. The district court sentenced Farineau to 210 months' incarceration on count I, 120 months' incarceration on count II to run concurrently, and a life term of supervised release. Criminal Case, Doc. No. 107; Criminal Case, Doc. No. 111.

---

[1] Before Farineau's conviction, the charge in count one was amended to "Attempted Distribution of Child Pornography." *United States v. Jason Farineau*, Dkt. No. 4:09-cr-00794-CKJ-HCE-1, Doc. No. 77.

Farineau appealed his conviction and sentence. Criminal Case, Doc. No. 110. During Farineau's appeal, the parties requested the Ninth Circuit Court of Appeals to remand Farineau's case and to vacate his sentence so the district court could consider their negotiated settlement agreement. Criminal Case, Doc. No. 134; Criminal Case, Doc. No. 137 at 2. On March 5, 2012, Farineau signed a sentencing agreement in which the government agreed to vacate count one of his conviction (attempted distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1)) and dismiss the charge. Criminal Case, Doc. No. 140 at 1-2. The sentencing agreement also stipulated a prison sentence of 108 months on count two of Farineau's conviction. *Id.* The district court accepted the parties' sentencing agreement and amended Farineau's judgment and sentence to reflect the dismissal of count one and his nine-year prison term. Criminal Case, Doc. No. 139; Criminal Case, Doc. No. 141. Farineau's amended sentence still imposed a lifetime of supervised release. Criminal Case, Doc. No. 141.

Farineau began his term of supervised release on September 10, 2018. Doc. No. 1 at 1. Although the District of Arizona formally transferred jurisdiction to the District of Connecticut in April 2023, Farineau has lived in Connecticut since his supervision began. Doc. No. 1 at 1; Defendant's Motion, Doc. No. 4 at 2.

## II.     Standard of Review

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also* S. Rep. No. 98-225, at 124 (1983); *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015).

A district court may terminate a person's federal supervision "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by

the conduct of the [person on supervised release] and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must first consider the factors enumerated in 18 U.S.C. § 3553(a), including: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) that the sentence imposed "reflect the seriousness of the offense," "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training." *Id.* § 3553(a).[2] Retribution—one of "the four purposes of sentencing generally"—is not a factor that courts may consider when deciding a motion for early termination of supervised release. *Tapia v. United States*, 564 U.S. 319, 325-26 (2011); *see* 18 U.S.C. § 3553(a)(2)(A). Ultimately, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). "[W]hen its rehabilitative purposes have been accomplished as determined by a supervisee's overall conduct following release from prison, there is no reason for its continuation." *United States v. Ramos*, Dkt. No. 3:11-CR-1 (JBA), Doc. No. 878, at 1.

"Whether early termination of supervised release is warranted is a discretionary decision made by the district court . . . ." *United States v. Michel*, 2005 WL 3617729, at *3 (D. Conn. Dec. 30, 2005). Early termination is "not warranted as a matter of course." *United States v. Sheckley*, 129 F.3d 114 at *1 (2d Cir. 1997) (summary order). For example, "model prison conduct and full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination." *United States v. Weintraub*, 371 F. Supp. 2d 164, 166–67 (D. Conn. 2005) (quoting *United States v. Rasco*, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000)) (internal quotation marks omitted). A district court may terminate supervised release "to

---

[2] Although a district court is required to consider each of the factors, it is not required to make specific findings of fact with respect to each factor; rather, "a statement that [the court] has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (internal quotation marks omitted).

account for new or unforeseen circumstances," though new or changed circumstances are not required for termination. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). Because supervision is "not a punishment in lieu of incarceration," supervised release is appropriate so long as it continues to accomplish its rehabilitative goal. *United States v. Granderson*, 511 U.S. 39, 50 (1994); *see also United States v. Trotter*, 321 F. Supp. 3d 337, 365 (E.D.N.Y. 2018).

**III.   Discussion**

Farineau argues he has accomplished the "rehabilitative purpose" of supervised release and additional supervision is no longer necessary. Defendant's Motion, Doc. No. 4 at 1 (quoting *Trotter*, 321 F. Supp. 3d at 345). In support of that assertion, Farineau describes his diligent efforts "to build a stable, law-abiding life" by successfully completing sex offender treatment, maintaining consistent employment, cultivating a strong support network, and meticulously complying with his conditions of release. *Id.* at 2-4.

The government's objection contends that Farineau fails to prove early termination of his supervised release term is warranted. In so arguing, the government states that Farineau "has not shown any new or unforeseen circumstances" warranting termination of his supervised release or "that remaining on supervised release will threaten his opportunities to advance or endanger any employment he may have." Doc. No. 7 at 4 (quoting *United States v. Bastien*, 111 F. Supp. 3d. 315, 322 (E.D.N.Y. 2015)). Further, the government cites the gravity of the conduct underlying Farineau's conviction, the need to deter him from similar conduct, and the need to protect the public as reasons to continue Farineau's supervised release. Doc. No. 7 at 5.

After considering Farineau's and the government's arguments, in conjunction with the Section 3553(a) factors, I agree with Farineau that early termination of supervision is warranted

by his conduct under supervision and is in the interest of justice. Farineau is not required to show new or unforeseen circumstances requiring terminating his supervised release. *Parisi*, 821 F.3d at 347-48 ("[A] change in [the defendant's] circumstances is not a prerequisite to a modification under 18 U.S.C. § 3583(e) . . . ."). Instead, he must show the "rehabilitative purposes [of supervised release] have been accomplished. *Ramos*, Dkt. No. 3:11-CR-1 (JBA), Doc. No. 878, at 1. Farineau demonstrates he has achieved the rehabilitative purposes of his supervision.

      Farineau's progress in past six years stands uncontradicted by the government and establishes his circumstances warrant early termination of his supervised release, despite the seriousness of his offense. *Rasco*, 2000 WL 45438, at *3 (stating a defendant must show the circumstances warrant early termination of supervised release). He sustains supportive relationships with family and friends. Defendant's Motion, Doc. No. 4 at 3. He paid all fines and restitution owed and cooperates with Probation in monitoring his devices. *Id.* at 3-4. Probation has found nothing inappropriate on Farineau's devices, and Farineau has had no contact with law enforcement outside of a speeding ticket. *Id.* Farineau also took advantage of the Connection Sex Offender Treatment Program ("the Connection Program"), available to him through supervised release. *Id.* at 2, 4. He was successfully discharged from the Connection Program in August 2020 due to completing the Connection Program's requirements, utilizing treatment effectively, and indicating a reduced risk to sexually re-offend. Doc. No. 6 at 4-5. Farineau could have been re-referred to the Connection Program if there were "any concerns about his management of risk." *Id.* at 5. However, Farineau has had no apparent issues or violations over four years since his successful discharge. Farineau also participated in voluntary individual counseling for about a year. Defendant's Motion, Doc. No. 4 at 2. If needed, he can always seek individual therapy again even when not under supervision by the Probation Office.

It is uncertain whether Farineau would derive any additional rehabilitative benefit from more time on supervised release. *See Aldeen*, 792 F.3d at 252 (discussing the rehabilitative purpose of supervised release). Conversely, the length of Farineau's supervised release term and the special conditions it imposes may in fact hinder his opportunities to advance professionally. Farineau's conditions of supervised release include being prohibited from possessing "any type of camera or video recording device without prior probation officer approval" or using a computer (or any internet capable device) with access to online services "without the prior written permission" from a probation officer. Doc. No. 1 at 24. Those conditions likely implicate Farineau's ability to participate in college classes to improve his long-term earning potential, because any engagement with internet- or photography-capable technology requires prior approval from his probation officer. Indefinite compliance with those restrictions no longer serves a rehabilitative purpose. Instead, considering Farineau's growth thus far, those conditions serve to extend his punishment.

Although the government suggests the possibility of modifying Farineau's supervision conditions, Farineau has already served two to three times the Guidelines term of supervised release calculated in the presentence report. Doc. No. 10 at 12. Farineau was sentenced under the 2010 Edition of the U.S. Sentencing Guidelines ("the 2010 Guidelines") with an offense level of 37 and a criminal history category I. *Id.* at 5-6, 9, 12. Pursuant to the 2010 Guidelines, the recommended term of supervised release was 2-3 years.[3] *U.S. Sent'g Guidelines Manual* § 5D1.2(a)(2) (U.S. Sent'g Comm'n 2010). Additionally, the 2023 edition of the U.S. Sentencing

---

[3] If Farineau were sentenced under the 2023 edition of the U.S. Sentencing Guidelines (2023 Guidelines), his recommended supervised release term would be even shorter. *See U.S. Sent'g Guidelines Manual* § 5D1.2(a)(2) (U.S. Sent'g Comm'n 2010) (recommending one to three years supervised release under the same provision). However, both the 2010 and 2023 Guidelines contain a policy statement under section 5D1.2(b) noting that the statutory maximum term of supervised release "is recommended" for a sex offense. Here, the statutory maximum term of supervised release is life.

Guidelines encourages courts to use their authority to terminate a term of supervised release in appropriate cases, including when a defendant completes a treatment program. *U.S. Sent'g Guidelines Manual* § 5D1.2 cmt. n.5 (U.S. Sent'g Comm'n 2023).

Although the court appreciates the severity of Farineau's underlying conduct, the government presents no evidence demonstrating how continued supervision is necessary to deter future unlawful conduct, protect the public, or further rehabilitate Farineau. Farineau was discharged from the Connection Program in 2020 as "low risk" and has exhibited no regression in the four years since. Doc. No. 6 at 4. "Termination is appropriate when," as here, "the rehabilitative goals of supervised release may no longer be attained or can be attained at too great a cost to the defendant and society." *United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018) (citing *Trotter*, 321 F. Supp. 3d at 364). Terminating Farineau's supervised release and allowing the Probation Office to invest limited resources in other individuals would better serve the public interest without impacting public safety. *Ramos*, Dkt. No. 3:11-CR-1, Doc. No. 878, at 1 ("Prolonging supervised release could disserve rehabilitation by over-scrutiny and, especially in this time of Probation Office budget reductions, result in unnecessary expenditures.").

Based on the information presented by Farineau and the government, I conclude that Farineau has fully satisfied the rehabilitative purpose of supervised release. Continuing to supervise Farineau would impose restrictions that are more retributive than rehabilitative and are unnecessary to deter future unlawful conduct and protect the public.

### IV.     Conclusion

For the foregoing reasons, Farineau's motion for early termination of supervised release is **granted**. Doc. No. 4.

It is so ordered.

Dated at Bridgeport, Connecticut, this 25th day of October 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge